UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERVIN SANDERS #221598,

                 Plaintiff,                No. 10-13070

v.                                 District Judge Lawrence P. Zatkoff
                                      Magistrate Judge R. Steven Whalen

THOMAS K. BELL, *et. al.*,

                 Defendants.

_____/

## REPORT AND RECOMMENDATION

    Before the Court is Defendants' Motion for Summary Judgment [Docket 12], filed October 13, 2010 by Defendants Thomas Bell, Willis Chapman, Richard Goldberg, Brian Douglas, Subrina Aiken and Lee McRoberts, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff, a former Michigan Department of Corrections ("MDOC") inmate now released on parole, filed a civil rights claim pursuant to 42 U.S.C. §1983 on August 3, 2010, alleging Eighth Amendment violations occurring during his incarceration at the Gus Harrison Correctional Facility ("ARF") in Adrian, Michigan. Plaintiff's factual allegations are summarized as follows.

    On October 30, 2009, another ARF inmate was moved from segregation into Plaintiff's cell. *Docket #1* at pg. 5 of 20. Plaintiff alleges that the prisoner in question ("Sherrell") had been diagnosed as a paranoid schizophrenic and "ha[d] an extensive history of threatening behavior on prison staff and . . . violent impulsive assault." *Id.* Plaintiff alleges that on November 2, 2009, he complained to non-defendant Corrections Officer ("CO") King that Sherrell had body odor and was mentally unstable. *Id.* Plaintiff alleges that on November 5, 2009, Sherrell assaulted him, and in the course of defending himself against the Sherrell's attack he was issued a major misconduct ticket for fighting. *Id.*, *see also Id.* at pg. 13 of 20. He also claims that Sherrell's attack caused him to develop a hernia which required surgery. *Id.* He alleges that because of the major misconduct

ticket, he was denied parole on December 9, 2009. *Id.* at pg. 18 of 20. He requests monetary damages and a declaration that his Eighth Amendment rights were violated by named Defendants.

On May 27, 2011, Plaintiff stipulated to the dismissal of Tammy Rothhaar. *Docket #20.*

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient

-2-

opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. ANALYSIS

#### A.  Constitutional Violations

#### 1.  General Principles

The Eighth Amendment proscribes the infliction of cruel and unusual punishment upon prisoners.  In order for a prisoner to establish an Eighth Amendment violation under § 1983, he must allege and prove an unnecessary and wanton infliction of pain, or the infliction of pain totally without penological justification.  *See Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 346 (1981).  Eighth Amendment claims must satisfy a two-prong standard.  First, the alleged wrongdoing must be "objectively harmful enough" to establish a constitutional claim (objective component).  Second, the prison official must act with the requisite state of mind (subjective component).  *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), citing *Wilson v. Seiter*, 501 U.S. 294, 298, 303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

The objective component is contextual and responsive to "contemporary standards of decency."  *Hudson*, 503 U.S. at 8 (citing *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).  The Supreme Court has clearly held that "when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated." *Id.* at 9.  Therefore, a prisoner need not show a significant injury.  *Id.*; *Moore v. Holbrook*, 2 F.3d 697, 701 (6th Cir. 1993) (citing *Hudson* to conclude that the extent of injuries does not provide a basis for dismissal).

In regard to the subjective component, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 1977,128 L.Ed.2d 811 (1994).  In finding that negligence was insufficient to establish a constitutional claim, the *Farmer* Court held that "the official must both be aware of

-3-

facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

### 2. Defendants Bell, McRoberts, Goldberg, Chapman

Defendants contend that Bell (ARF's Warden), McRoberts (Deputy Warden), and Goldberg and Chapman (Assistant Deputy Wardens) had no personal involvement in the circumstances surrounding the alleged attack and injury. *Defendants' Brief* at 2, *Dock. #12.* Citing *Bellamy v. Bradley,* 729 F.2d 416 (6th Cir. 1984), they argue that even if constitutional violations were committed by subordinate staff members, "*respondeat superior* liability [is] foreclosed in § 1983 actions."

Under *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), § 1983 liability cannot generally be imposed on a theory of *respondeat superior.* Where there is an allegation of supervisory, or *respondeat superior* liability, it must be shown that the supervisory officials "actively participated in or authorized" the illegal activity. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988); *Bellamy,* 729 F.2d at 421; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). A defendant's personal involvement in unconstitutional activity is an essential element of a §1983 claim. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). In addition, merely denying or responding to an administrative grievance is insufficient to support §1983 liability. *Shehee*, 199 F.3d at 300.

Even assuming that certain ARF personnel perceived, then disregarded a risk to Plaintiff's safety by placing a mentally ill inmate in his cell, his failure to allege that Bell, McRoberts, Goldberg, or Chapman deliberately put him in harm's way is fatal to the claim. Plaintiff alleges that he informed CO King, a non-defendant, three days before the attack that Sherrell exhibited signs of mental instability. *Docket #1.* His November 2, 2009 statement that Sherrell was mentally unstable, with nothing more, would be insufficient to place King (much less Bell, McRoberts, Goldberg, or Chapman) on notice that he was at risk of attack. Plaintiff does not allege that these Defendants were aware of, much less disregarded, a threat to his well being. While a Step One grievance against

-4-

these Defendants indicates that Plaintiff spoke with Bell  and Goldberg in the days following the alleged attack, he does not claim that they personally aware that Sherrell posed any danger prior to the November 5, 2009 incident.  *Docket #1* at pg. 13 of 20.  Accordingly, claims against Defendants in their personal capacities should be dismissed.

### 3.  Defendants Douglas and Aiken

Claims against Defendant Douglas, ARF's Health Unit Manager ("HUM") and Subrina Aiken, an administrative assistant, are also subject to dismissal.  Neither Defendant is named in the Complaint's factual allegations.  A grievance form attached to the Complaint indicates that Douglas' only role was to respond to Plaintiff's December 28, 2010 grievance complaining  of the lack of prompt treatment for a hernia.  *Dock. #1* at pg. 7 of 20.   Aiken's role appears to have been limited to responding the same grievance at Step Two.  *Id.* at pg. 8 of 20.  The Sixth Circuit has clearly held that merely denying or responding to an administrative grievance is insufficient to support § 1983 liability.  *Shehee*, *supra,* 199 F.3d at 300.  Aside from their role in processing the grievance, neither the Complaint nor grievance can be construed to state that these Defendants violated Plaintiff's constitutional rights.

### B.  Qualified and Eleventh Amendment Immunity

### 1.  Qualified Immunity

Defendants also argue that they are entitled to qualified immunity.  *Defendants' Brief* at 9-10.  Because I find that there was no violation of Plaintiff's constitutional rights, I agree that they are entitled to dismissal on this basis.  *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Under *Saucier,* the threshold question is whether a constitutional violation occurred. If it did not, a state officer or agent acting in the course of his or her official duties is protected by qualified immunity.[1]

---

[1]In *Pearson v. Callahan,* 555 U.S. 223 , 129 S.Ct. 808, 172 L.Ed.2d 565(2009), the Supreme Court held that the two-step sequential analysis set forth in *Saucier* (first, determine whether there was a constitutional violation, and second, determine whether the constitutional right was clearly established) is no longer mandatory.  Nevertheless, *Pearson* observed that the *Saucier* protocol, while not required, remains useful in particular cases. In this case, it is sufficient to say that under the first prong of *Saucier,* Plaintiff has not shown a constitutional violation as to these Defendants.

**2. Eleventh Amendment Immunity**

Defendants note that claims for monetary damages against them in their official capacities are barred by Eleventh Amendment immunity. *Defendants' Brief* at 9-10. They are correct that claims against them in their capacity as agents of the state under 42 U.S.C. §1983 are generally subject to dismissal on the basis of the immunity granted by the Eleventh Amendment. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). As such, claims for monetary damages against Defendants in their official capacities is unavailable.

Albeit for different reasons, Plaintiff's request for declaratory relief should be denied. The Eleventh Amendment immunity does not prevent the Court from "granting purely injunctive relief enjoining the official from violating federal law," *Ernst v. Rising,* 427 F.3d 351, 358 -359 (6th Cir. 2005); *Ex parte Young,* 209 U.S. 123, 155-56, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908). Nonetheless, to the extent that Plaintiff's request for a declaration that Defendants violated his Eighth Amendment rights can actually be considered "injunctive relief," it should be denied for the reasons stated in Section **A**.

## IV. CONCLUSION

For these reasons, I recommend that Defendants' Motion for Summary Judgment be GRANTED, dismissing this case WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections


s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  August 10, 2011

_____

### CERTIFICATE OF SERVICE

I hereby certify on August 10, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 10, 2011: **Ervin Sanders.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217